UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TERRELL RAKAI WALL,<br><br>            Plaintiff,<br><br>   v.<br><br>MARK LINDQUIST, et al.,<br><br>            Defendants. | CASE NO. C17-5439 BHS<br><br>ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT |

This matter comes before the Court on Plaintiff Terrell Rakai Wall's ("Wall") motion to proceed *in forma pauperis* (Dkt. 1) and proposed complaint (Dkt. 1-1).

On June 7, 2017, Wall filed his motion and complaint. Dkts. 1, 1-1. By attaching numerous letters sent from an entity called the "New Century Justice Network" to various agencies and entities in Washington State, as well as communications between himself and his court-appointed counsel in state court criminal proceedings, Wall appears to allege that the Defendants somehow conspired to remove from the Pierce County Clerk's records a court filing in a proceeding before the Pierce County Superior Court. *See* Dkt. 1-1.

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a); W.D. Wash. Local Rules LCR 3(b). However, the "privilege of pleading *in forma pauperis* . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). The court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Here, Wall's affidavit and *in forma pauperis* application show that he is unable to prepay fees and costs. *See* Dkt. 1.

However, even if a plaintiff satisfies the financial requirements for eligibility to proceed *in forma pauperis*, the Court's review of the application and underlying complaint is not complete. Under the *in forma pauperis* statute, the Court must dismiss the case *sua sponte* if it determines at any time that (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the complaint fails to state a viable claim, or (3) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Indeed, "1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citing *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)).

In this case, Wall has failed to show that he is entitled to proceed *in forma pauperis* because his complaint fails to state a claim for relief. Wall states that he is bringing a claim against Defendants pursuant to 18 U.S.C. § 2071 for concealment, removal, or mutilation of documents filed with a clerk in a public office. Dkt. 1-1 at 4. However, 18 U.S.C. § 2071 is a criminal statute that does not provide a private cause of

action or a basis for a civil lawsuit. *Winslow v. Romer*, 759 F. Supp. 670, 674 (D. Colo. 1991) ("Nothing in the language or history of 18 U.S.C. §§ 2071 or 31096 indicates that either statute was intended to create a private right of action."); *Dugar v. Coughlin*, 613 F.Supp. 849, 852 n. 1 (S.D.N.Y. 1985) (no private right of action under § 2071). Because Wall cannot possibly win relief, the Court must dismiss the complaint.

Therefore, Wall's motion to proceed *in forma pauperis* (Dkt. 1) is **DENIED** and his complaint is **DISMISSED**.

**IT IS SO ORDERED.**

Dated this 8th day of June, 2017.

BENJAMIN H. SETTLE
United States District Judge